**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN CARROLL, :
: Civil Action No. 07-1239 (RMB)
Plaintiff, :
:
v. : **OPINION**
:
GEORGE W. HAYMAN, et al., :
:
Defendants. :

**APPEARANCES:**

    JOHN CARROLL, Plaintiff Pro Se
    # 289270/234233C
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey 08302-6000

**BUMB**, District Judge

Plaintiff John Carroll, currently confined at the South Woods State Prison ("SWSP") in Bridgeton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) (1998), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

I.   BACKGROUND

Plaintiff, John Carroll ("Carroll"), brings this civil rights action, pursuant to 42 U.S.C. § 1983, against the following defendants: George W. Hayman, Commissioner of the New Jersey Department of Corrections ("NJDOC"); Karen Balicki, Associate Administrator at SWSP; and Crystal Leys, Correction Officer ("CO") at SWSP.  (Complaint, Caption, ¶ 4b, c and d). The following factual allegations by plaintiff are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Carroll alleges that, on November 22, 2006, defendant CO Crystal Leys searched plaintiff's cell.  The next day, on November 23, 2006, CO Leys again searched Carroll's cell, stating to him that she had left something in plaintiff's cell on her previous search.  As a result of the second search, Carroll was placed in lock-up on November 24, 2006 and charged with institutional violation .202 (possession of or introduction of a

weapon, such as but not limited to a sharpened instrument or unauthorized tool).  (Compl., ¶ 6).

On November 27, 2006, Carroll appeared for his initial courtline hearing, which was postponed for evidence review.  On November 29, 2006, Carroll was adjudicated "not guilty" and released from detention.  On December 6, 2006, CO Leys was detained by the Special Investigation Division ("SID"), and she was arrested for smuggling razor blades into SWSP.  (Compl., ¶ 6).

Carroll now brings this § 1983 complaint seeking unspecified compensatory damages, and disclosure of all documents in the possession of SID, Cumberland County Prosecutor's Office, and the Attorney General of the State of New Jersey, pertaining to their investigation in this matter.  (Compl., ¶ 7).

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

3

defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be

remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

Carroll claims that Commissioner Hayman failed to adequately implement policy and procedures to prevent staff from entering the prison with weapons and other contraband, specifically, razor blades.  As to defendant Balicki, Carroll alleges that she failed to adequately train and/or supervise prison staff with respect to policy and procedures to prevent other staff members from entering the prison with contraband, such as razor blades.  Finally, Carroll alleges that CO Leys smuggled contraband razor blades into the prison and selectively placed them in inmate cells.  However, plaintiff does not allege any cognizable federal constitutional violation by these defendants.

In this instance, plaintiff initially was charged with possession of contraband, apparently placed in his cell by CO Leys.  Carroll was placed in disciplinary detention or lock-up from November 24 through November 29, 2006, for total of five days before he was cleared of the prison disciplinary violation.

Thus, to the extent Carroll may be asserting that his confinement in administrative segregation and detention violated due process, such claim is subject to dismissal.  Procedural due process rights are triggered by a deprivation of a legally cognizable liberty interest.[1]  For a prisoner like Carroll, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Generally, disciplinary restraints on an inmate's freedom in prison in response to a wide range of institutional infractions, or an inmate's transfer to less amenable quarters, are deemed to fall "within the expected parameters of the sentence imposed by a court of law."  Id at 485.  Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution,[2] the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Sandin, 515 U.S. at 480.   Here,

---

[1]  The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law."

[2]  For example, the deprivation of a basic human need or the unnecessary and wanton infliction of pain, if alleged, may be sufficient to show conditions of confinement that are violative of the Constitution.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

7

Carroll's pre-hearing disciplinary detention lasted only five days.  Thus, even if such detention was due to alleged false disciplinary actions, it does not trigger the protections of the Due Process Clause.[3]  See Sandin, 515 U.S. at 484-486.

The Third Circuit has observed, however, that if an inmate is committed to undesirable conditions for an atypical period of time in violation of state law, that factor should be considered in determining whether the prisoner has been subjected to "atypical and significant hardship" triggering due process protection.  Griffin v. Vaughn, 112 F.3d 703, 708-09 (3d Cir. 1997)(disciplinary segregation of state prisoner for 15 months did not impose atypical and significant hardship on prisoner, and thus, did not implicate the due process clause).  Here, the

---

[3] The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.  See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986)(holding that "the mere filing of [a false] charge itself" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"), cert. denied, 485 U.S. 982 (1988); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)(finding that so long as prison officials provide a prisoner with the procedural requirements outlined in Wolff v. McDonnell, 418 U.S. 539, 558 (1974), then the prisoner has not suffered a constitutional violation).  See also Creter v. Arvonio, No. 92-4493, 1993 WL 306425, at *7 (D.N.J. Aug. 5, 1993); Duncan v. Neas, No. 86-109, 1988 WL 91571, at *1 (D.N.J. Aug. 30, 1988)(determining that "the alleged knowing falsity of the charge [does not state] a claim of deprivation of a constitutionally protected liberty interest ... where procedural due process protections were provided").  In this case, plaintiff was provided an opportunity to rebut the charges, but based on evidence review, the disciplinary charge was dismissed and plaintiff suffered no sanctions.

Complaint fails to allege a claim of atypical or significant hardship with respect to Carroll's short period of pre-hearing detention for an alleged disciplinary infraction.  Thus, Carroll fails to state a deprivation claim of constitutional magnitude, and this Complaint will be dismissed with prejudice, as against all defendants accordingly, for failure to state a cognizable claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[4]

## V. CONCLUSION

Therefore, for the reasons expressed above, the Court will dismiss the Complaint with prejudice, in its entirety, as against all defendants, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate Order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: June 12, 2007

---

[4] The Court finds no basis for plaintiff's request for disclosure of information pertaining to the investigation of CO Leys by the SID or other government agencies for the purposes of criminal prosecution.  Such information is highly sensitive and would likely engender a security risk if disclosed to an inmate, who as demonstrated above, has no cause of action against CO Leys.

9